UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALBERT GARCIA, | ) | 3:06-CV-0118-JCM (VPC) |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| NEVADA BOARD OF PRISON COMMISSIONERS, *et al.*, | ) | |
| Defendants. | ) | September 4, 2007 |

This Report and Recommendation is made to the Honorable James C. Mahan, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's renewed motion for a temporary restraining order (#48 and #72). Defendants opposed (#75) and plaintiff replied (#79). The court has thoroughly reviewed the record and the motions and recommends that plaintiff's renewed motion for a temporary restraining order (#48 and #72) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Albert R. Garcia, Jr. ("plaintiff") is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at the Northern Nevada Correctional Center ("NNCC") (#67). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Fifth and Fourteenth Amendment rights to due process, his Eighth Amendment right to be free from cruel and unusual punishment, his First Amendment right to freedom of speech, his First Amendment right against retaliation, and his First and Fourteenth Amendment rights to access to the courts. *Id*. Plaintiff names as defendants Mary Babbs, James Baca, Michael Bashor, James Benedetti, Connie Bisbee, Kenneth Corzine, William Curry, Ted D'Amico, Thomas Goodson, Don Helling, Daniel Hensen, Danielle Iratcabal, Terri Jacobs, Michael Keller, Paul A. Lessard, Sean Lagier, Edmond Mason, Patricia McGaffin, Rod Moore, John Morrow, Travis

Neighbors, John Peery, Dorla Salling, Mary Steward, Michael Thalman, Mary Vieth, A.T. Bogt, James Welch, Jeffrey Wiley, and Joanne Williams. *Id.*

Plaintiff's motion for a temporary restraining order is based on Count XIII of his second amended complaint (#48 and #72).[1] In Count XIII, plaintiff alleges that defendants Joanne Williams, John Brown Peery, Sergeant Wagner, Sergeant Gary Moore, and correctional officer Corzine (collectively "defendants"), retaliated against plaintiff by prohibiting him from bringing personal property to kidney dialysis, bringing disciplinary actions against him without sufficient proof, withholding prescription refills, and freezing his trust account without due process (#67-2, pp. 16-22).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Preliminary Injunction

The Prison Litigation Reform Act ("PLRA") states that

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief...

18 U.S.C. § 3626(2).

The traditional equitable criteria for granting a preliminary injunction in the 9th circuit are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). Alternately, the moving party may

---

[1] Plaintiff's motion for a temporary restraining order will be treated as a motion for a preliminary injunction since defendants have had the opportunity to oppose plaintiff's motion and plaintiff is not alleging immediate and irreparable injury. Fed. R. Civ. P. 65 (b).

2

demonstrate *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor. *Johnson*, 72 F.3d at 1430 (emphasis added); *see also Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1298 (9th Cir. 2003). The Ninth Circuit has stated that these alternatives represent "extremes of a single continuum" rather than two separate tests and thus, the "greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown." *Clear Channel*, 340 F.3d at 813. Preliminary injunctive relief is designed to preserve the status quo until the court has an opportunity to hear the lawsuit on its merits. *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). The "granting or withholding of a preliminary injunction rests in the sound judicial discretion of the trial court." *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 325 F.2d 141, 143 (9th Cir. 1964).

**B. Analysis**

Plaintiff alleges that on December 1, 2006, Mr. Peery and Mr. Williams were served with a notice naming them as defendants in this civil rights suit (#72, p. 2). Shortly thereafter, on December 4, 2006, defendants served plaintiff with a notice of charges based on information provided by defendant Williams of a disturbance in the dialysis room. *Id.* Prison officials found plaintiff guilty of the charges and sanctioned him; however, the decision was later overturned due to lack of evidence. *Id.* Plaintiff argues that the disciplinary charge was in retaliation for filing this civil rights lawsuit. *Id.* at 4. Defendants do not dispute that charges were filed against plaintiff or that they were later overturned in the appeals process; however, defendants contend that the charges were not retaliatory in nature because the incident in the dialysis room actually occurred (#75-1, p. 10).

Plaintiff further alleges that beginning on December 8, 2006, defendants prohibited inmates from bringing personal items into the kidney dialysis room, such as prescription sunglasses, a newspaper, book or magazine, medication, and a pen and tablet for taking notes (#72, p. 3, #48, p. 16). Plaintiff argues that defendants enacted this rule as punishment for filing his civil rights claim and that he is the only inmate to whom the rule applies (#72, p. 4, #79, p.

3

5). Defendants dispute plaintiff's contention and claim that the prohibition is based on the medical staff's security concerns and is applied to all dialysis patients (#75-1, p. 8-9). Defendants further argue that Renegel (plaintiff's banned medication) is available in the dialysis room; therefore, plaintiff is not harmed by the restriction (#75-1, p. 9). Plaintiff replies that the bottle of Renegel in the dialysis room does not have his prescription on it, and that he has not seen the expiration date (#79, p. 5).

Next, plaintiff alleges that on December 13, 2006, defendants served him with a notice of charges for self-mutilation (caused by violating his renal diet), which resulted in sanctions (#72, p. 3). Plaintiff alleges that defendants failed to provide specific facts as to how he violated his diet and that the charges brought against him were retaliatory. *Id.* Defendants maintain that there is a valid medical reason for the charges (#75-1, p. 12). Plaintiff replies that he is not on a renal diet, and regardless of the type of diet he is on, he has not had any medical emergencies resulting from his diet and, therefore, should not be sanctioned (#79, p. 7).

Plaintiff also claims that on March 23, 2007, defendants served him with another retaliatory notice of charges for standing in front of the regional medical facility while waiting for kidney dialysis (#72, p. 4). This charge was dismissed. *Id.*

Plaintiff additionally alleges that defendants took forty-seven days to deliver prescription refills and requests an injunction requiring refills within three to seven days (#48, p. 4). Defendants argue that plaintiff has not provided sufficient evidence of this claim, and that medical records exist proving that plaintiff received medication during those forty-seven days (#75-1, p. 11). Further, defendants argue that plaintiff was able to receive interim supplies of his medication in four-day increments, as needed, at the pill call window (#75-1, p. 11). Plaintiff disputes this, contending that only two of his medications are available at the pill call window, and that NNCC does not have the other medications on location (#79, p. 9).

Finally, plaintiff claims that his prison trust account was frozen without due process in retaliation for filing his civil rights suit (#48, p. 5). Defendants do not respond to this allegation.

Plaintiff requests that the court enjoin: (1) defendants from issuing plaintiff disciplinary charges without specific facts concerning the charges; (2) from taking future disciplinary action

4

against plaintiff; and (3) from freezing plaintiff's prison trust account without due process (#48, pp. 4-5 and #72, pp. 5-6). Plaintiff further requests that the court require defendants to allow plaintiff to bring personal items to kidney dialysis, to read all nursing notes made prior, during, or after his dialysis, and to deliver medication within three to seven days of ordering. *Id*.

**1. Likelihood of success on the merits**

To obtain a preliminary injunction, plaintiff must offer evidence that there is a likelihood he will succeed on the merits of his claim. *Johnson*, 72 F.3d at 1430. "Likelihood of success on the merits" has been described as a "reasonable probability" of success. *King v. Saddleback Junior College Dist.*, 425 F.2d 426, 428-29 n.2 (9th Cir. 1970).

Prisoners have a right to meaningful access to the courts, and prison authorities may not penalize or retaliate against an inmate for exercising this right. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). This right of access extends to established prison grievance procedures. *Id*. Prison officials may be sued under Section 1983 for retaliating against a prisoner for exercising his or her constitutional rights. *Pratt v. Rowland*, 65 F.3d 802, 806 & n.4 (9th Cir. 1995). A retaliation claim involves five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). Retaliation claims must be evaluated in light of the deference accorded to prison officials. *Id*. at 807. The inmate bears the burden of pleading and proving the absence of legitimate correctional goals for the alleged retaliatory action. *Id*. at 806; *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

The court cannot conclude that plaintiff is likely to succeed on the merits of his claim. While it is possible count XIII meets the first three requirements of a retaliation claim, it does not appear that defendants have "chilled" plaintiff's speech since he continues to file multiple documents pertaining to this lawsuit. Further, plaintiff has not met his burden of proving that defendants' actions did not advance legitimate correctional goals. Filing disciplinary charges against inmates when they cause a disruption or violate prison regulations is within the discretion

of prison officials. While "timing can properly be considered as circumstantial evidence of retaliatory intent," *see Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003), that alone is not enough to prove that there was an absence of a legitimate correctional goal to issue plaintiff a notice of charges. The fact that the first charges were overturned demonstrates that the appeals system in place is working and that plaintiff does not require the protection of an injunction.

It is also unlikely that plaintiff will be able to prove that prohibiting personal property from the dialysis room is not a legitimate correctional goal. Prison officials responsible for the safety of the medical staff are within their rights to ban any items they believe pose a security threat to their employees. As to the freezing of plaintiffs prison trust account, there is no evidence to demonstrate that this was not done to promote legitimate correctional goals.

**2. Irreparable Injury**

To obtain a preliminary injunction, plaintiff must offer evidence that he will be irreparably injured without the injunction. *Johnson*, 72 F.3d at 1430. "Courts generally do look at the immediacy of the threatened injury in determining whether to grant preliminary injunctions." *Privitera v. California Bd. Of Medical Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991) *citing Caribbean Marine*, 844 F.2d at 674 ("a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief").

Plaintiff has not offered evidence of irreparable injury. Plaintiff may be bored during dialysis, but he is not irreparably harmed by the rule prohibiting personal property in the dialysis room. Plaintiff's argument that he needs to bring his medication with him is moot since the medication is available to him in the dialysis room (#75-1, p. 9). Additionally, plaintiff is not injured by not having his prescription sunglasses in dialysis because clear glasses are available and allowed in dialysis (#75-1, p. 10). Further, plaintiff is not harmed by not receiving his prescription refills within three to seven days because the evidence demonstrates that his medication is available at the pill call window in four-day increments as long as necessary (#75-1, p. 11). Finally, plaintiff is not irreparably harmed by being subject to standard prison disciplinary actions since all prisoners are subject to the same actions.

///

6

### 3. Balance of Hardships and the Public Interest

Because the court found that plaintiff failed to demonstrate a likelihood of success on the merits and irreparable injury, the court does not address the balance of hardships or public interest elements.

### 4. Alternative Test

The Ninth Circuit has held that as an alternative to the four traditional equitable criteria for relief through preliminary injunction, plaintiff may prove *either* (1) a likelihood of success on the merits and the possibility of irreparable injury, *or* (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in his favor. *Southwest Voter Registration Educ. Project*, 344 F.3d at 917 (emphasis added). The court concluded above that plaintiff has not demonstrated that he can meet the first alternative test – a likelihood of success on the merits and irreparable injury.

Regarding the second alternative test, plaintiff is unable to prove that the balance of hardships tips sharply in his favor. There is no evidence that plaintiff has incurred hardship; rather, it appears that plaintiff simply disagrees with the prison's rules. The balance of hardships rests with defendants as they are in charge of maintaining the safety and order in the prison.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not demonstrated a likelihood of success on the merits of his claim or irreparable injury. As such, the court recommends that plaintiff's renewed motion for a temporary restraining order (#72) be **DENIED**. The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's renewed motion for a temporary restraining order (#72) be **DENIED**.

**DATED:** September 4, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**