**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALBERT R. GARCIA, JR.<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NEVADA BOARD OF PAROLE<br>COMMISSIONERS, *et al.*,<br><br>　　　　　Defendants. | 3:06-cv-0118-JCM (VPC)<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**<br><br>February 5, 2008 |

　　　　This Report and Recommendation is made to the Honorable James C. Mahan, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants Williams and Jacobs's motion for partial summary judgment (#92). Plaintiff opposed (#102) and defendants replied (#116). The court has thoroughly reviewed the record and the motions and recommends that defendants' motion for partial summary judgement (#92) be granted.

**I. HISTORY & PROCEDURAL BACKGROUND**

　　　　Plaintiff Albert R. Garcia, Jr. ("plaintiff"), a *pro se* prisoner, is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at the Northern Nevada Correctional Center ("NNCC") (#67). Plaintiff brings his second amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights. *Id*. Plaintiff names as defendants The Nevada Board of Parole Commissioners ("Parole Board"); Dorla Salling, Parole Board Chairman; John C. Morrow, Thomas D. Goodson, Connie Bisbee, Mary Vieth, and Michael Keeler, Parole Board Commissioners; Patricia M. McGaffin and Mary Stewart, NNCC Caseworkers; The NDOC Psychological Review Panel ("Psych Panel"); A.T. Vogt, Psychologist; James Baca, Nevada State Prison ("NSP") Associate Warden; Kenneth Corzine, Travis Neighbors, Edmond Mason, and Michael Thalman, NNCC Correctional Officers; Don Helling, NNCC Warden; James Benedetti, NNCC Associate Warden; Danielle Iratcable,

NNCC Caseworker; Rod Moore, NDOC Investigator; Jeffrey Wiley, NNCC Sergeant; James Welch, NNCC Lieutenant; Daniel Henson and Paul Lessard, NNCC Correctional Officers; Mary Babbs, NNCC Sergeant; Sean LaGier, NNCC Correctional Officer; William Curry, NNCC Law Librarian; Ted D'Amico, NDOC Medical Director; Joanne Williams, Terri Jacobs, and John Brown Pegry, NNCC Nurses; Michael Bashor, NNCC Correctional Officer; Sergeant Wagner and G. Moore, NNCC Sergeants; Damon Haycock, NNCC Administrative Officer; and Does 1-10. *Id*.

Defendants' motion for partial summary judgment pertains only to count XI (#92). In count XI, plaintiff alleges that defendants Williams and Jacobs violated his Eighth Amendment rights by acting with deliberate indifference to his complaints about pain that occurred after kidney dialysis treatments (#67, pp. 14-14(b)).[1]

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed

---

[1] The court utilizes plaintiff's page numbering when referencing his second amended complaint.

2

> matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ on the material facts at issue, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B. Analysis**

Defendants argue that plaintiff's count XI contains identical allegations as contained in plaintiff's count III (#92). Defendants also address plaintiff's claims on their merits. *Id*. Plaintiff responds only to defendants' arguments as pertaining to the merits of his claim (#102).

The court reviewed and compared counts III and XI, and agrees that the two claims contain identical allegations. *Compare* #67, pp. 6(c)-6(d), *with* #67, pp. 14-14(b). The court will address these allegations within the purview of count III, which is the subject of a separate motion for partial summary judgment. *See* #89. Thus, the court grants defendants' motion for summary judgment as to count XI.

///

///

///

///

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that count XI contains allegations identical to count III. As such, the court recommends defendants' motion for partial summary judgement (#92) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for partial summary judgement (#92) be **GRANTED**.

**DATED:** February 5, 2008.

*Valerie P. Cooke*
_____
**UNITED STATES MAGISTRATE JUDGE**