UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALBERT R. GARCIA, | ) |
| Plaintiff, | ) 3:06-CV-0118 JCM (VPC) |
| vs. | ) |
| | ) **ORDER** |
| NEVADA BOARD OF PRISON COMMISSIONERS, *et al.*, | ) |
| Defendants. | ) |

Presently before the court are Magistrate Judge Cooke's reports and recommendations (## 125, 126, 127) granting one motion for summary judgment (#92), one motion for partial summary judgment (#88), and granting in part and denying in part another motion for summary judgment (#89).

<u>Reports and recommendations (##125, 126) to which the plaintiff failed to object</u>

Judge Cooke entered her report and recommendations (##125, 126) granting defendants Joanne Williams, Terri Jacobs, Nevada Board of Parole Commissioners, Salling, Morrow, Goodson, Bisbee, Vieth, Keeler, McGaffin, Nevada Department of Corrections, Psychological Review Panel, Stewart, Vogt, and Baca's motions for summary judgment (##88, 92) on February 5 and February 6, 2008.

Local Rule IB 3-1 states that any party wishing to object to the ruling of the magistrate judge on a pretrial matter shall file a specific objection within ten (10) days from the date of service of the magistrate judge's ruling.

No objections were filed to these reports and recommendations. Upon review of the Judge Cooke's reports and recommendations (#53) and there being no objections filed, the court finds it appropriate to affirm the reports and recommendations (##125, 126) in their entirety.

<u>Report and recommendation (#127) to which defendant Bashor objects</u>

Judge Cooke entered her report and recommendation (#127) granting in part and denying in part defendants Ted D'Amico, Michael Bashor; Joanne Williams, and Terri Jacobs' motion for summary judgment (#89) on February 6, 2008.

Judge Cooke recommended granting the motion as to the claims against defendants D'Amico, Williams, and Jacobs. The plaintiff has not filed objections to these recommendations. Pursuant to Local Rule IB 3-1, and upon review of Judge Cooke's report and recommendation, the court finds it appropriate to affirm Judge Cooke's recommendations (#127) as to D'Amico, Williams and Jacobs.

Under Local Rule IB 1-4 and 28 U.S.C. § 636(b)(1)(B), a magistrate judge shall file findings and recommendations for disposition by the district judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made [and] may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1). Under Local Rule IB 3-2, the district judge may also receive further evidence or remand the same to the magistrate with instructions.

However, Judge Cooke recommended denying the motion as to defendant Bashor, finding that there are genuine issues of fact as to whether defendant Bashor intentionally prevented plaintiff from receiving treatment for his eye condition and whether this caused plaintiff's sight loss in his right eye.

Bashor filed objections (#132) to Judge Cooke's report and recommendation, arguing that the plaintiff failed to submit sufficient admissible evidence to establish a genuine issue of material fact. Among Bashor's arguments are that no reasonable jury could believe the plaintiff's statements, that the plaintiff's statements to his referring physician were untrustworthy because they concerned a referral and not diagnosis or treatment, and that the statements were not relevant to medical treatment and are not

1  admissible under Fed. R. Evid. 803(4).

2  Bashor's objections are unpersuasive. Even if some of the evidence that Judge Cooke relied upon in making her report and recommendation would be inadmissible, there is sufficient evidence to establish the existence of a material fact. For example, one of the defendant's own exhibits is a release of liability form that the plaintiff alleges he signed under duress. The form, as noted by Judge Cooke, contains markings stating "U/D," which indicates that the plaintiff may have signed the form under duress. If the plaintiff signed the form under duress, then Bashor may have intentionally caused a delay in the plaintiff's treatment. This presents an issue of material fact, and defeats Bashor's argument that no reasonable jury could find in the plaintiff's favor.

Having reviewed all relevant documents in this matter,

4IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's objections (#132) to United States Magistrate Judge Cooke's reports and recommendations (#127), be and the same hereby are, DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judge Cooke's reports and recommendations (##125, 126, 127) as to the defendants' motions for summary judgment (##88, 89, 92) are AFFIRMED in their entirety.

Dated this 24th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE